In the Matter of MAURICE S. HYMAN, an Attorney, Respondent.

First Department, February 7, 1919.

**Attorney at law disbarred.**

Attorney at law disbarred for the deliberate conversion of his client's money and for deceiving said client by a knowingly false statement in writ'ng written with intent to deceive.

The respondent's plea *ad misericordiam* and restitution after the institution of the proceedings do not operate as a condonation of the offense.

DISCIPLINARY proceedings instituted by the Association of the Bar of the City of New York.

*Einar Chrystie*, for the petitioner.

*Jesse S. Epstein*, for the respondent.

CLARKE, P. J.:

The respondent was admitted to practice as an attorney and counselor at law at a term of the Appellate Division, First Department, in February, 1897, and was practicing in the First Judicial District at the time of the acts complained of.

The charges are that in 1912 James C. Crawford retained the respondent to collect a claim of $152.96, which he had against one William A. Hayes. Thereafter the respondent obtained from Hayes an assignment of a claim which he had against one Marsh, a resident of Chattanooga, Tenn., the proceeds of which assignment were to be applied toward the payment of the claim which Crawford had against Hayes. Respondent

First Department, February, 1919. [Vol. 186.

sent the claim against Marsh to an attorney in Chattanooga with instructions to collect. In October, 1916, the attorney in Chattanooga having collected the amount due from Marsh forwarded the sum of $168.86 to the respondent. The respondent converted this amount to his own use and concealed from his client Crawford the fact that any part of the claim had been collected. In October, 1917, Crawford wrote to the respondent requesting information as to the progress which he had made in the matter of the collection of the claim to which the respondent replied under date of October 27, 1917:

" On receipt of your letter I wrote to the lawyer in Tennessee and have been informed by him that the Chancery case in which our claim is tied up, is rapidly approaching a final decree. I will write to him again and find out how soon we may expect a termination of the action."

The claim referred to in this letter had been paid and the proceeds thereof remitted to the respondent by the Chattanooga attorney almost a year prior to the date thereof.

The respondent in his answer admits the charge and pleads poverty and sickness. He states: " As to my failure to disclose the receipt of the money and my letter of Mr. Crawford in 1917, in which I concealed the fact, I can only repeat that during the interval of twelve months from October 1916, to October 1917, I had been barely able to keep my head above water; that my practice had disappeared, my earnings were not sufficient to meet necessary living expenses even on a minimum scale, and I am striving to gather sufficient to repay my obligations. I did not answer Mr. Crawford's first letter and my answer to the second was in the hope of being able to make good and not being in a position to do so at the time, had made an excuse in the hope of being in a short time able to repay. My only excuse for this falsehood is the fact that the wrong having been committed, I wanted to repair it and felt that had I told the facts at the time, I would have been prevented from carrying out my purpose. I dared not tell the truth and thought that a short respite would enable me to scrape sufficient together to make reparation, but the unexpected loss of my position shortly afterwards deprived me even of the means of a livelihood and the ensuing half year

found me without any earnings, and since then, I have had to repay all small sums borrowed during this period of non-earnings."

He further states that he has borrowed the sum necessary to pay his client and has paid him in full with interest, and concludes:

" I appreciate fully the seriousness of the charge and alleged offense. I can only offer the foregoing facts in the hope that I may not be too severely judged and receive such leniency as my unfortunate position and circumstances entitle me to."

It stands admitted, therefore, that the respondent is guilty of two serious offenses: *First,* deliberate conversion of his client's money, and *second,* deceiving said client by a knowingly false statement in writing written with intent to deceive. His plea is *ad misericordiam* and restitution after the institution of the proceedings. Neither plea can operate as a condonation of the offense. There is no assurance that under like circumstances the offense would not be repeated.

We think that it would not be safe to permit the respondent to continue a member of a profession whose obligations he has knowingly violated. He is accordingly disbarred.

LAUGHLIN, PAGE, SHEARN and MERRELL, JJ., concurred.

Respondent disbarred. Order to be settled on notice.